**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PRL USA HOLDINGS, INC. et al., | ) | |
| *Plaintiff*, | ) | No. 26 C 6544 |
| v. | ) | Chief Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

Plaintiff filed its Complaint on June 3, 2026. (Dkt. 1). On July 31, 2026, the Court denied Plaintiff's *Ex Parte* Motion Seeking A Temporary Restraining Order, A Temporary Asset Restraint, Expedited Discovery, A Bond Amount Of $10,000, and leave to notify Defendants via email. (Dkt. 22) (denying Dkt. 14). Plaintiff filed a Renewed *Ex Parte* Motion For Entry Of A Temporary Restraining Order, Including A Temporary Injunction, A Temporary Asset Restraint, And Expedited Discovery along with an Amended Declaration of Justin Gaudio. (Dkts. 23, 24). Nothing in either of these two filings cures the material defects present—and continuing to exist—in Plaintiff's Motion. The Court therefore denies Plaintiff's Renewed Motion and dismisses the case. (Dkt. 23). Fed. R. Civ. P. 4(m).

The Court initially denied Plaintiff's Motion because the Gaudio Declaration contained "no averments related to the Defendants Plaintiff seeks extraordinary injunctive relief over. . . . Rather, it contains a series of averments wholly unrelated to the current suit." (Dkt. 22). The Court noted that the "word 'joinder' is not even in the Declaration." (*Id.*) The latest Amended Declaration of Justin Gaudio suffers from the same infirmities. (Dkt. 24). It continues to cite irrelevant prior cases, still wholly fails to address a single one of the Defendants ***in this case***, and instead relies on sheer speculation. (*Id.*) This Court requires "strict" compliance with its Standing Order. *Standing Order* at 1. Plaintiff was ordered to "provide specific, nonconclusory, non-speculative facts showing that [its] claims against **each** defendant arise from the same transaction or series of transactions and share common questions of law or fact." *Id.*, ¶ 2(b). It further ordered Plaintiff to "identify non-conclusory, nonspeculative facts linking defendants through a common scheme or interrelated conduct" and instructed that "[m]erely alleging that multiple defendants infringe the same intellectual property in similar ways is insufficient and will be rejected." (*Id.*) Plaintiff failed to comply. Because Plaintiff has violated the Court's order and failed to satisfy joinder—which is essential to succeeding on the merits—Plaintiff has failed to carry its burden of making a "clear showing" that entry of a preliminary injunction is proper. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024); *In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013); *Chrome Hearts LLC v. Partnerships &*

*Unincorporated Associations Identified on Schedule A*, 2026 WL 1382792, at *3-5 (N.D. Ill. May 18, 2026); Fed. R. Civ. P. 20.

Without facts backing it up, Plaintiff's Renewed Motion is unsupported and deficient. (Dkt. 23). Plaintiff rehashes inapplicable law while ignoring the core issue present here: Plaintiff presented no facts showing that the conduct arises out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a). Plaintiff's reliance on pleading stage standards misses the mark. Plaintiff "must make a clear showing that he is likely to succeed on the merits" to warrant entry of an "extraordinary" remedy. *Starbucks*, 602 U.S. at 346. This standard is ratcheted up as Plaintiff seeks this sprawling relief *ex parte*. Yet, the "circumstances in which an ex parte order should be granted are extremely limited." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). All that Plaintiff has presented is what has been consistently found insufficient: speculative assertions tethered to no substantiated facts. "Merely alleging that multiple defendants infringe the same intellectual property in similar ways is insufficient and will be rejected." *Standing Order*, ¶ 2(b); *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 696 (N.D. Ill. 2009); *Bryant v. Ent. Shopping, Inc.*, 2011 WL 3511077, at *2 (N.D. Ill. Aug. 8, 2011); *Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011).[1]

Separately, Plaintiff seeks *ex parte* injunctive relief against twenty-eight Defendants. (Dkt. 2). But Plaintiff improperly treats all twenty-eight Defendants "as a single Defendant. They are not." *Santanu Das v. Tata Consultancy Services, Ltd. et al.*, 2026 WL 2935334, at *4 (N.D. Ill. Sept. 30, 2026) (rejecting practice of indiscriminately lumping defendants together without providing separate analyses). Injunctions "must 'be precise and self-contained, so that a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt.'" *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 414-15 (7th Cir. 2008) (quoting *PMC, Inc. v. Sherwin–Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998)). The Court declines to grant an injunction that lacks ***any*** specificity regarding each Defendant. *See Collectanea J. Ltd. v. The Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2026 WL 891930, at *5 (N.D. Ill. Mar. 31, 2026) (dissolving an injunction against multiple defendants because "[t]he injunction, as issued, operates against all defendants collectively . . . regardless of whether they have any demonstrated connection to one another or to the core infringement alleged"); *Semisilicon Tech. Corp. v. Changzhou Jutai Elec. Co.*, 2026 WL 1694026, at *9 (N.D. Ill. June 11, 2026) (recognizing that even "joint legal representation does not equate to joint conduct" and ruling that it is improper that plaintiff treated all defendants "as a singular entity," by "lumping all

[1] *See also Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A,"* 2019 WL 6210939, at *2 (N.D. Ill. Nov. 21, 2019) (joinder not satisfied merely because multiple defendants allegedly infringe similar intellectual property in similar ways); *Shenzhen Jisu Tech. Co. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unidentified Assocs. Identified on Schedule A*, 2024 WL 4834911, at *2 (N.D. Ill. Nov. 20, 2024); *Fendi S.R.L. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2025 WL 3514467, at *3 (N.D. Ill. Dec. 8, 2025); *Pathway IP LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Attached Schedule A*, 2024 WL 5440056, at *5 (N.D. Ill. Nov. 8, 2024); *Zaful (Hong Kong) Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2025 WL 71797, at *6 (N.D. Ill. Jan. 10, 2025); *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024) (all holding same).

their actions, knowledge, and positions as one" without explaining why joint treatment of the parties is proper).

The Court has not identified every violation and shortcoming. Nor must it. On its "renewed" motion, Plaintiff had ample opportunity to review the Court's Standing Order and abide by it ***in full***. Plaintiff failed to do so. *Standing Order*, ¶¶ 2(a), (b), (e), 5(b), 6(a). "The Court requires strict compliance with these rules. The Court will reject any submission that fails to comply." *Id.* at 1.

## CONCLUSION

The Court denies Plaintiff's Renewed Motion and dismisses the case. (Dkt. 23). Fed. R. Civ. P. 4(m).

Virginia M. Kendall
United States District Judge

Date: November 10, 2026